## John Wilson *et al. versus* Austin Brooks.

Where a person who had been supported by his town as a pauper, had bodily health and strength, though of small mental capacity, and was able to earn more than enough to support himself, and had found an employer, it was *held* that he was no longer a pauper; and consequently, where the town made a contract with the plaintiffs that they should take care of all the paupers belonging to the town, and he en titled to their services, it was *held* that they were not entitled to the services of the person above described.

In the Court of Common Pleas the parties stated the following facts.

On April 3, 1829, the defendant, by virtue of a contract previously made with the town of Petersham, took the care and custody of the poor of the town for the term of three years then next ensuing. Isaac Bragg, for whose services this action was brought, was received by the defendant, on that day, as one of the poor of the town, under this contract. Soon afterward, at the request and by the direction of the defendant, Bragg went to live with him at his house, about one mile from the poor farm, and continued in his family during the time that the defendant had the care of the poor, laboring for him on his, the defendant's farm, and on the poor farm.

At the expiration of the term of three years, Bragg expressed a determination not to leave the defendant, unless compelled to, and the defendant was willing to let him remain with him, and to pay him wages for his services over and above all expenses of boarding, clothing and nursing him ; and the defendant offered to do so, and to give bond to the town that Bragg should not become chargeable to the town for a period of ten years. This was done after a contract, dated January 3, 1832, had been made by the town with the plaintiffs.

By this last contract the plaintiffs are to support comfortably and decently, in sickness and in health, all the paupers who shall be chargeable upon the town on April 3, 1832, and within three years thereafter, for and during the full term of three years from and after that day ; and are to have the reasonable service and labor of the paupers.

Bragg remained with the defendant and labored for him during the time specified in the plaintiffs' declaration. It

29 *

Wilson
v.
Brooks.

was agreed that he was a person of small mental capacity, and that he might be regarded as *non compos mentis ;* but that he possessed good health and strength, and was capable of doing many kinds of work upon a farm, and of earning by his labor more than enough to support himself. He had been for fifteen years previous a pauper of the town of Petersham, and no change in his condition had taken place.

About the 1st of May, 1832, the plaintiffs asked the defendant if he would deliver up Bragg, and the defendant replied that he would not. The plaintiffs then said that they should look to him for payment for Bragg's services, at the rate of two shillings a day.

*Williams,* J. of C. C. P., decided that the plaintiffs were not entitled to maintain the action and ordered judgment to be entered for the defendant ; and thereupon the plaintiffs filed exceptions.

Oct. 5th *Merrick* and *Houghton* for the plaintiffs.

*Brooks* for the defendant.

Oct. 7th. MORTON J. delivered the opinion of the Court. In this action the plaintiffs claim to recover of the defendant compensation for services performed for him by one Bragg. They found their claim upon a contract between them and the town of Petersham. By this contract the plaintiffs were, for a certain term, to have the care and custody of all the paupers belonging to the town, and to receive all the labor and services which could reasonably be required of them.

The real question in this case turns upon the true construction of the contract. No paupers were named in it. Is Bragg included within the general description used ? There is no legal objection to the validity of the contract. It seems to be a reasonable and a proper one. But it manifestly does not come under the sixth section of *St.* 1793, *c.* 59, nor is there any reason to suppose that it was intended to be made in pursuance of the authority therein given. That section authorizes overseers to bind out to service, by deed, for a term not exceeding one year, certain classes of persons therein described, although not actually chargeable to their town at the time. This is an important and delicate, if not dangerous, discretionary power, trenching closely upon personal rights, and

one which ought to be exercised cautiously, sparingly, and in exact accordance with the provisions of the statute. The plaintiffs cannot claim to hold Bragg to service by any deed made in pursuance of this clause. If they can establish a right to his services, it must be under their general contract with the town, and because he was a pauper when that contract went into operation, and continued to be such during the time for which they claim his services.

Towns are bound by law to support, comfortably, all such of their inhabitants as may from time to time fall into distress and stand in need of relief, and to continue such support so long as it may be needed ; and during its continuance they are entitled to the reasonable services of those supported by them. It is no part of their duty to support their paupers in idleness. This would make a system, now of questionable utility, highly deleterious in its effects and influence. But each one, in whatever situation he may be, is bound to contribute his services, according to his ability, towards his own support and that of his family, if he have one. These duties can only be performed by agents, to whom towns may, for limited periods, grant the rights and powers enjoyed by themselves  The rights and duties of towns and paupers are correlative. While the town supports the pauper, the pauper is bound to labor for the town. But when the support becomes unnecessary, the right to control the labor ceases. It may happen that a pauper, by the acquisition of property by gift, devise or descent, may be raised from poverty and dependence. In such case can it be pretended that he may be retained the unwilling tenant of an almshouse, and be compelled to labor for whomsoever the town or its agent may direct ? The town, by *St.* 1817, *c.* 186, § 5, may claim a reimbursement for the support furnished, but can have no further legal claim to his services. And agreements made by towns with agents or contractors relative to the support of paupers, must be construed according to these principles.

Is Bragg, during any portion of the time mentioned in the plaintiffs' writ, to be deemed a pauper ? Was he actually chargeable to the town ; or did he stand in need of immediate relief ? If so, he comes within the terms of the

contract ; the plaintiffs were entitled to his services, and ought now to recover compensation for them.

The state of his mental powers need not now be inquired into, for it can have very little bearing upon the question under consideration. Although of weak mind, small mental capacity, and regarded as *non compos mentis,* yet he was not under guardianship, and might make contracts for necessaries, and for such purposes dispose of his own services, unless they were due to the town. He had been treated as a pauper, and labored for the town many, perhaps too many, years. But he had bodily health and strength ; could perform many kinds of labor on a farm ; and was able to earn more than enough to support himself. He was willing to labor for the defendant, and the defendant was willing to employ and to pay him wages, besides supplying him with all necessary food and clothing. Can such a person be considered a pauper ? We think not.

Whether by reason of his improvidence or incapacity, the overseers might bind him to service, by deed under the 6th section of *St.* 1793, *c.* 59, or not, it is not proper to consider. We have not the facts necessary to enable us to determine the question. But not being a pauper, he is not included in the plaintiffs' contract, and the care and custody of his person, or the right to his services, did not vest in the plaintiffs.

*Judgment of C. C. P. affirmed.*